IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CURTIS DAVIS; WANDA DAVIS; and CHRISTIE YOUNG, ) ) ) Plaintiffs, ) ) vs. ) ) UNITED STATES DEPARTMENT OF ) AGRICULTURE; and TOM VILSACK, ) in his capacity as Secretary of the United ) States Department of Agriculture, ) ) Defendants. ) ) | Civil Action No. 5:14-CV-171-CAR |

**COMPLAINT FOR JUDICIAL REVIEW,
DECLARATORY RELIEF, AND INJUNCTIVE RELIEF**

COME NOW the Plaintiffs, Curtis Davis, Wanda Davis, and Christie Young, by and through the undersigned Counsel and for their Complaint for Judicial Review, Declaratory Relief, and Injunctive Relief do state as follows:

**I.   INTRODUCTION**

1. The Plaintiffs bring this action for Judicial Review, Declaratory Relief, and Injunctive Relief, pursuant to the Administrative Procedure Act (APA), 5 U.S.C. §551, *et seq* along with 7 U.S.C. §6999, which provides for Judicial Review of all final determinations of the National Appeals Division of the United States Department of Agriculture.

2. The Defendants, United States Department of Agriculture and Tom Vilsack, have issued an adverse determination that the above-referenced Plaintiffs were ineligible to receive Federal Farm Program Payments in 2009 and 2010. The Defendants came to this conclusion

based upon an improper and arbitrary decision that the Plaintiffs engaged in an illegal scheme or device to avoid payment limitation provisions.

3. This determination by the United States Department of Agriculture has resulted in the denial of Federal Farm Program payments to the Plaintiffs, specifically payments made pursuant to the Direct and Counter-cyclical Payment (DCP) program, which Georgia farmers have consistently depended and relied upon as a farm "safety-net" in recent years.

4. The Plaintiffs ask for a declaratory ruling by this Court that the USDA's determination that the Plaintiffs participated in a scheme or device to avoid payment limitations was in error, arbitrary, and capricious. The Plaintiffs further request that the Court issue a finding that the Plaintiffs were eligible to receive Federal Farm Program payments in 2009 and 2010 and that the Court Order USDA to make these payments to the Plaintiffs.

5. The Plaintiffs request that this Court enjoin Tom Vilsack, Secretary of the United States Department of Agriculture, from withholding the payment of any farm program benefits from the Plaintiffs for the years 2009 and 2010.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 7 U.S.C. §6999 (Judicial Review of the USDA National Appeals Division); 28 U.S.C. §1331 (Federal Question); §2201 (Authorizing Declaratory Relief); §2202 (Authorizing Injunctive Relief); and 5 U.S.C. §702 (Providing for Judicial Review of Agency Action under the APA).

7. The Administrative Procedure Act provides a right to judicial review to one suffering legal wrong because of agency action. Final determinations of the United States Department of Agriculture's National Appeals Division are reviewable by any United States District Court of competent jurisdiction in accordance with Chapter 7 of Title 5. 7 U.S.C. §6999.

8. Venue in this judicial district is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district as well as under 5 U.S.C. §703.

### III. PARTIES

9. During the time periods relevant to this proceeding, the Plaintiffs, Curtis Davis and Wanda Davis, were row crop farmers who participated in Federal Farm Programs administered through the USDA Farm Service Agency office in Cochran, Bleckley County, Georgia. Curtis Davis and Wanda Davis are siblings that were denied Federal Farm Program benefits after USDA made the erroneous decision that they had implemented a scheme or device in an effort to obtain payments in excess of those allowed by Federal Payment Limitations.

10. Plaintiff, Christie Young, is a former row crop farmer who participated in Federal Farm Programs administered through the USDA Farm Service Agency office in Cochran, Bleckley County, Georgia. Christie Young was also denied Federal Farm Program benefits after USDA made the erroneous decision that she was involved, along with the Davis Plaintiffs, in a scheme or device to obtain payments in excess of those allowed by Federal Payment Limitations.

11. The Defendants alleged that the Plaintiffs to this action engaged in a common scheme, involving each of the Plaintiffs' farm businesses, and the claims of the Plaintiffs are properly joined, in accordance with Rules 19 and 20 of the Federal Rules of Civil Procedure.

12. The Defendant, United States Department of Agriculture, through its Farm Service Agency (FSA), is responsible for the administration of the Commodity Credit Corporation and the 2009 and 2010 Direct and Counter-cyclical Program (DCP) benefits which are the subject of this action.

13. The Defendant, United States Department of Agriculture, manages the Farm Service Agency, the agency with primary responsibility for the administration of Federal Farm Programs including the Direct and Counter-cyclical Payment (DCP) program which is at issue in this litigation.

14. The Defendant, Tom Vilsack, is the Secretary of the USDA, and oversees the USDA's administration of Federal Farm Programs. He is sued in his official capacity only.

## IV.     FACTUAL BACKGROUND

15. This case comes before the Court on appeal from a final determination by the National Appeals Division of the United States Department of Agriculture (USDA) which held the Plaintiffs were not eligible for 2009 and 2010 Direct and Counter-cyclical Program (DCP) contract payments. A refund of these payments was demanded in 2013, and, now, the Plaintiffs contend that the determination of USDA was erroneous, arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law and should therefore be overturned by this Court in accordance with the Standards of Judicial Review set forth in the applicable statutes and the Administrative Procedure Act.

16. The issue in this dispute is whether the United States Department of Agriculture properly determined that the Plaintiffs were ineligible for 2009 and 2010 farm program payments. USDA made the determination that the Plaintiffs participated in a scheme or device to avoid payment limitation provisions, but the Administrative Record suggests this finding is arbitrary, capricious, and not supported by substantial evidence of Record.

17. Specifically, the Farm Service Agency (FSA) of the United States Department of Agriculture (USDA) determined in 2011 that the Plaintiffs engaged in an illegal scheme or device to avoid FSA payment limitation provisions by failing to identify their interests in

farming operations other than their own.  As a result, FSA determined that Plaintiffs, Curtis Davis, Wanda Davis and Christie Young, were ineligible for program payments in 2009 and 2010.  Each individual Plaintiff has previously and continuously maintained that the Plaintiffs all farmed separately and that no Plaintiff had any legal interest in the crops of any other Plaintiff in 2009 and 2010.

18. In 2009, the Plaintiff, Curtis Davis, submitted a CCC-902 I Farm Operating Plan for an Individual (farm operating plan) for his farm operation.  Plaintiffs Wanda Davis and Christie Young also submitted their own independent CCC-902 I Farm Operating Plans in 2009.  Each Plaintiff was farming legally independent of the other and, as a result, each Plaintiff independently qualified to receive federal farm program payments.

19. In his farm operating plan, the Plaintiff, Curtis Davis, certified that he owned a 100 percent interest in all crops grown on the property listed on his farm operating plan and the Plaintiff, Wanda Davis, certified that she owned a 100 percent interest in all crops grown on the property listed on her farm operating plan.  Likewise, Plaintiff, Christie Young, certified that she owned a 100 percent interest in all crops grown on the property listed on her own farm operating plan.

20. The Farm Service Agency of the United States Department of Agriculture determined in 2009 that Plaintiffs were actively engaged in farming and that each Plaintiff was independently eligible to participate in Federal Farm Programs and receive Federal Farm Program Payments.  Each Plaintiff was limited to a one payment limit, pursuant to the Direct and Counter-cyclical Payment (DCP) program.  Subpart B of Part 1400 of the Code of Federal Regulations outlines limitations on payments or government benefits that a person may receive per crop, program, or fiscal year.  7 C.F.R. §1400.2(f).

21. DCP Program Payments, which would normally be due a participating farmer, may be denied by USDA if the participating farmer fails to comply with the applicable Federal Regulations found at Part 1400 of Title 7 of the Code of Federal Regulations. Payments may also be withheld or required to be refunded when a program participant adopts a scheme or device designed to evade the applicable regulations. 7 C.F.R. §1400.5(b).

22. Acts which may result in the denial of DCP payments include: 1) the submission of false information and 2) the concealment of an interest in a farm operation for the purpose of obtaining program payments a participating person would not otherwise be eligible to receive. 7 C.F.R. §1400.5(b). If USDA determines that an individual has adopted a scheme or device to avoid payment limitations, that person will be ineligible to receive payments in the years that the scheme or device was adopted and the succeeding year. 7 C.F.R. §1400.5(c).

23. Sometime in 2010, the Farm Service Agency began a review of the Plaintiffs' farm operations to ensure they were being operated as stated on the farm operating plans. Plaintiffs were notified in 2011 that FSA had completed the review of the farm operations. USDA found that Curtis Davis, Wanda Davis and Christie Young had each failed to disclose interests in the farming operations of the others. Put simply, USDA appears to have decided that the Plaintiffs each had an ownership interest in the crops grown by the others.

24. Subsequently, USDA determined that the Plaintiffs participated in a scheme or device to avoid payment limitation provisions and that the Plaintiffs would have to refund Direct and Counter-cyclical Program (DCP) payments, plus interest, received for 2009 and 2010.

25. The above-referenced Plaintiffs appealed this decision to the USDA National Appeals Division (NAD). After independent hearings of the cases of Curtis Davis and Wanda Davis, the National Appeals Division Hearing Officer rendered his findings in two separate

opinions.  The Hearing Officer concluded that the Agency did not err in its adverse decisions against the Plaintiffs, Curtis Davis and Wanda Davis.  A copy of the written Appeal Determinations are attached hereto as Exhibit "A" and incorporated herein by reference.

26. Plaintiffs Curtis Davis and Wanda Davis then filed requests for review of the Hearing Officer's determinations.  The National Appeals Division Director Review Determination concluded that the agency did not err in its determination that each Plaintiff participated in a scheme or device to avoid Federal Farm Program payment limitation provisions.  Administrative remedies have been exhausted.

27. Plaintiff, Christie Young, requested a USDA National Appeals Division (NAD) Review of her case but the USDA refused to consider her appeal, after taking the position that her appeal was not timely filed.  NAD appeals must be filed within thirty (30) days of the receipt of an adverse decision from USDA, and USDA *presumes* that it takes seven (7) days for a program participant to receive notice.  USDA's NAD guidelines allow the Appeals Division to disregard the filing deadline for such an appeal.  Instead, USDA arbitrarily chose to deny Ms. Young her right of appeal.

## V.    CLAIMS FOR RELIEF

### A.    Judicial Review under the Administrative Procedure Act

28. Section 702 of the Administrative Procedure Act (APA) entitles a person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, to judicial review of the agency action.  5 U.S.C. §702. A final determination of the National Appeals Division is reviewable by any United States District Court of competent jurisdiction in accordance with Chapter 7 of the APA.  7 U.S.C. §6999.

29. Section 706 of the APA authorizes this Court to "set aside agency action, found to be . . . (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §706(2)(A).

30. The final decision of the Defendant, USDA, as set forth in the Director's Review Determination, finding the Plaintiffs engaged in a scheme or device to evade farm program payment limitations is arbitrary and capricious, constitutes an abuse of discretion, and is otherwise not in accordance with law because, among other things, it ignores the fact that there is no evidence of record suggesting the Plaintiffs: 1) had any ownership interest in each other's independent farming operation; 2) received payment limitations in excess of those allowed by law; or 3) attempted to obtain DCP payments in excess of amounts allowed by law.

31. As a result, the determination of USDA that the Plaintiffs were not eligible to receive Farm Program Payments in the years 2009 and 2010 should be set aside and the USDA should be ordered to return the aforementioned payments to the Plaintiffs. Defendants' determination that the Plaintiffs participated in any act in violation of the DCP Program is arbitrary, capricious, and contrary to law. *See* 5 U.S.C. §706(2).

32. In addition, the decision of the USDA denying Plaintiff, Christie Young, the right of review by the National Appeals Division precluded her from pursuing her administrative remedies and was an erroneous and arbitrary decision by the Agency. This decision should be set aside. Furthermore, Plaintiff, Christie Young, suggests to the Court that the USDA's decision denying her Farm Program Payments in the years 2009 and 2010 should be set aside and the USDA should be ordered to return the aforementioned payments to the Plaintiffs.

### B.     Declaratory Relief

33.     An actual controversy has arisen and now exists between the Plaintiffs and the Defendants concerning their respective rights and duties under the 2009 and 2010 DCP Payment Program contracts and applicable statutes and regulations.  The Plaintiffs contend that they were eligible to receive DCP program payments in 2009 and 2010, pursuant to the DCP contracts they entered into with the USDA.  The USDA denies this contention.

34.     The Plaintiffs request a judicial determination of the rights and duties of the parties relevant to the aforementioned contractual provisions and applicable regulations as well as a declaration from the Court as to the parties' rights and duties relative to same.

35.     This case is justiciable because the Defendants' failure to comply with the applicable law regarding the payment of Federal Farm Program Benefits is the direct result of final agency action that has caused and will continue to cause immediate and concrete injury to the Plaintiffs.  The Plaintiffs are presently and continuously injured by the Adverse Determination by USDA.   A declaratory judgment is necessary and appropriate at this time.

### C.     Injunctive Relief

36.     The Plaintiffs will be irreparably harmed if this Court does not issue an Order enjoining the Defendants from withholding 2009 and 2010 Federal Farm Program payments from the Plaintiffs.  The USDA's current position constitutes a present and continuous injury.

37.     The Plaintiff has no plain, speedy, or adequate remedy at Law.

38.     If not enjoined by this Court, the Defendants will continue to maintain their position in derogation of Plaintiffs' rights.

39.     As a result, injunctive relief is appropriate.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for Judgment as follows:

a) A declaration that the Plaintiffs were eligible to receive Federal Farm Program Benefits under the DCP Program in the years 2009 and 2010;

b) An Order setting aside the determination of the USDA that the Plaintiffs were not eligible to receive Federal Farm Program Payments in 2009 and 2010 and that the Plaintiffs engaged in an illegal scheme or device to obtain payments in excess of the limitations provided in Federal Regulation;

c) An Order enjoining Defendants from withholding the Plaintiffs' 2009 and 2010 DCP Program Payments from the Plaintiffs;

d) An award of attorney's fees, expenses, and costs; and

e) For all such other relief as the Court deems just and proper.

Dated:  May 2, 2014.

Respectfully submitted,

*/s/ Hubert C. Lovein, Jr.*
Jones, Cork & Miller, LLP
P.O. Box 6437
Macon, Georgia 31208-2821
(478) 745-2821
Hu.lovein@jonescork.com
*Attorney for Plaintiffs*